UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Michael O. Campos, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18-CV-2305 |
| Cook County, et al., | ) Hon. Charles R. Norgle, Sr. |
| Defendants. | ) Magistrate Judge Hon. Maria Valdez |

**MEMORANDUM IN SUPPORT OF DEFENDANTS
DANIEL RAYMOND, TERANCE GONSALVES, AND WILLIAM ANDRICHIK'S
<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

**Table of Contents**

INTRODUCTION ..................................................................................................................1

BACKGROUND ..................................................................................................................3

ARGUMENT.........................................................................................................................4

I.      Applicable Legal Standard.......................................................................................4

II.     The Claims Against the Steptoe Defendants Fail Because the Lawyers Were Not Acting Under Color of State Law. .................................................................5

III.    The Claims Also Fail Because Plaintiff Has Not Suffered a Deprivation of Rights. ..........8

IV.    Plaintiff Has Not Plausibly Alleged a Conspiracy Between the Steptoe Defendants and Their Client. ..................................................................................9

V.     Plaintiff Improperly Served the Steptoe Defendants. .........................................12

CONCLUSION....................................................................................................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Agrawal v. Pallmeyer*,
   313 F. App'x 866 (7th Cir. 2009) ..................................................................................5

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ......................................................................................................11

*Bethel v. Partin*,
   No. CIV. A. 10-0530-CG-C, 2011 WL 1671914 (S.D. Ala. Apr. 13, 2011) ..............6

*Crowder v. Lash*,
   687 F.2d 996 (7th Cir. 1982) .........................................................................................7

*Delgado v. Sheriff of Milwaukee Cty. Jail*,
   487 F. Supp. 649 (E.D. Wis. 1980) ...............................................................................1

*Doherty v. Am. Motors Corp.*,
   728 F.2d 334 (6th Cir. 1984) .......................................................................................10

*Dumas v. Decker*,
   No. 10 C 7684, 2012 WL 1755674 (N.D. Ill. May 16, 2012) .................................12

*Farese v. Scherer*,
   342 F.3d 1223 (11th Cir. 2003) ...................................................................................10

*Freshwater v. Mount Vernon City Sch. Dist. Bd. of Educ.*,
   No. 2:09-CV-464, 2010 WL 1434314 (S.D. Ohio Apr. 8, 2010) ...............................6

*Fries v. Helsper*,
   146 F.3d 452 (7th Cir. 1998) ...........................................................................5, 8, 11

*Heffernan v. Hunter*,
   189 F.3d 405 (3d Cir. 1999) ...................................................................................10, 11

*Hefley v. Bruch*,
   276 F. App'x 506 (7th Cir. 2008) ..................................................................2, 5, 6, 7

*Horen v. Bd. of Educ. of the Toledo City Sch. Dist.*,
   594 F. Supp. 2d 833 (N.D. Ohio 2009) .................................................................6, 10

*Iskander v. Vill. of Forest Park*,
   690 F.2d 126 (7th Cir. 1982) .........................................................................................1

*U. S. ex rel. Lee v. People*,
   343 F.2d 120 (7th Cir. 1965) ...................................................................................................1

*Lengerich v. Columbia Coll.*,
   633 F. Supp. 2d 599 (N.D. Ill. 2009) .......................................................................................5

*Lewis v. Montgomery Cty.*,
   No. CIV.A. 01-3193, 2002 WL 32349408 (E.D. Pa. Apr. 8, 2002) ......................................10

*Mnyofu v. Bd. of Educ. of Sch. Dist. 227*,
   No. 03 C 8717, 2004 WL 783507 (N.D. Ill. Jan. 12, 2004) ...................................................11

*Niehus v. Liberio*,
   No. 88 C 6761, 1989 WL 26831 (N.D. Ill. Mar. 22, 1989) .....................................................9

*Polk County v. Dodson*,
   454 U.S. 312 (1981)..................................................................................................................5

*Raditch v. United States*,
   929 F.2d 478 (9th Cir.1991) .....................................................................................................8

*Shu v. Core Indus., Inc.*,
   No. 7:989-CV-130-BR2, 1999 WL 33589276 (E.D.N.C. Feb. 10, 1999) ..............................10

*Slovinec v. DePaul Univ.*,
   222 F. Supp. 2d 1058 (N.D. Ill. 2002) .....................................................................................4

*Smith v. LaFollette*,
   No. 93-2639, 1994 WL 142877 (7th Cir. 1994) .......................................................................6

*Snipes v. Palmer*,
   186 F. App'x 674 (7th Cir. 2006) ...........................................................................................11

*Squires-Cannon v. Forest Pres. Dist. of Cook Cty.*,
   No. 15 C 6876, 2016 WL 561917 (N.D. Ill. Feb. 12, 2016)..............................................9, 11

*Stoner v. New York City Ballet Co.*,
   No. 99 CIV. 0196, 2002 WL 523270 (S.D.N.Y. Apr. 8, 2002)..............................................10

*Taylor v. Dart*,
   2017 IL App (1st) 143684-B.....................................................................................................3

*Tom Beu Xiong v. Fischer*,
   787 F.3d 389 (7th Cir. 2015) ..................................................................................................11

*Travis v. Gary Cmty. Mental Health Ctr., Inc.*,
   921 F.2d 108 (7th Cir. 1990) ..............................................................................................9, 10

*United States v. Woods*,
   931 F. Supp. 433 (E.D. Va. 1996) ...................................................................................8

*Walton v. Neslund*,
   248 F. App'x 733 (7th Cir. 2007) ....................................................................................5

**Statutes**

42 U.S.C. § 1983................................................................................................................ *passim*

55 Ill. Comp. Stat. Ann. 5/3-9008.................................................................................................5

735 Ill. Comp. Stat. Ann. 5/2-203...............................................................................................12

735 Ill. Comp. Stat. Ann. 5/5-105.................................................................................................7

**Other Authorities**

Federal Rule of Civil Procedure 4(b)............................................................................................1

Federal Rule of Civil Procedure 4(e) ..........................................................................................12

Federal Rule of Civil Procedure 8 ............................................................................................2, 9

Federal Rule of Civil Procedure Rule 12(b)(5)...........................................................................12

Federal Rule of Civil Procedure 12(b)(6) .....................................................................................4

**INTRODUCTION**

Boiled down to its essence, this lawsuit accuses lawyers of violating Michael Campos' ("Plaintiff") constitutional rights for simply doing their jobs. Plaintiff has sued three attorneys from the law firm of Steptoe & Johnson LLP —Terance "Tery" Gonsalves[1], Daniel Raymond, and William Andrichik (the "Steptoe Defendants")[2]—under 42 U.S.C. § 1983, for acting as counsel of record in a state court proceeding. *See, e.g.*, Plaintiff's Complaint ("Compl.") ¶¶ 117-118, 172, 175. Plaintiff claims that he has been deprived of property rights without due process of law because he was terminated from his county job by the Cook County Sheriff's Merit Board ("Merit Board") and that the Steptoe Defendants joined the Sheriff in causing the deprivation because they represented the Sheriff in the state court proceedings where Plaintiff contested the Merit Board's decision to terminate him. His claim fails as a matter of well-established law.

Congress enacted § 1983 as a part of the Civil Rights Act of 1871 to provide individuals a remedy when state actors violate their constitutional rights—not to be used as a cause of action

---

[1] The Complaint seems to refer to Tery Gonsalves as "Tery Gonzalvez," "Trey Gonzalvez," and "Defendant Gonzalves." *See* Case Caption; Compl. ¶¶ 28, 64. The Steptoe Defendants assume that Plaintiff overlooked the correct spelling of Mr. Gonsalves' name, and intended to sue him, as opposed individuals whose names match Plaintiff's spelling.

[2] Steptoe & Johnson LLP ("Steptoe") is not a Defendant in this case, even though named as such in the body of the Complaint. *See* Compl. ¶ 15. Plaintiff did not list Steptoe as a Defendant in the case caption; no summons has been issued to Steptoe; and Steptoe has not been served with process. *See* Fed. Rule Civ. P. 4(b) ("A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served."); *U. S. ex rel. Lee v. People*, 343 F.2d 120, 120–21 (7th Cir. 1965) ("[D]istrict court had no jurisdiction over defendants . . . since they were not named and served with summons and a copy of the complaint."); *Delgado v. Sheriff of Milwaukee Cty. Jail*, 487 F. Supp. 649, 651 (E.D. Wis. 1980) (dismissing complaint against unnamed Milwaukee deputy sheriffs because "the court has no jurisdiction over parties who have not been named or served with a summons and complaint"). Were Steptoe a defendant, the claims against it would fail, for all the reasons explained herein, among others.

Any claim against the firm would fail for the additional reason that Plaintiff suggests Steptoe should be liable under the doctrine of respondeat superior (Compl. ¶ 15) – but § 1983 "will not support a claim based on a respondeat superior theory of liability." *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982).

against private attorneys. Indeed, as this Circuit established in *Hefley v. Bruch*, 276 F. App'x 506 (7th Cir. 2008), private attorneys, acting within the scope of representation, cannot be held liable under § 1983 because they are not acting under the color of law. This well-established rule is necessary and its protection is needed. If attorneys could be dragged into court for merely representing clients in court cases, the attorney-client relationship and our judicial system would suffer.

In addition to §1983 not being a viable cause of action against private attorneys, Plaintiff's claims fail for additional reasons. First, Plaintiff has not actually been deprived of property without due process of law. He has been granted a remand to the Merit Board for a new hearing, *de novo*, where he can seek reinstatement and backpay. Instead, he has bypassed the process due to him, through a new hearing before the Merit Board, and has come to federal court where he is asking for relief he can and should pursue in the state process. Second, the claim that the Steptoe Defendants deprived Plaintiff of due process is not plausible when the Steptoe Defendants actually advocated for (and achieved) more process via a remand of the matter to the Merit Board. Third, the claims for conspiracy under §1983 fail because attorneys cannot "conspire" with their own clients pursuant to the intra-corporate conspiracy doctrine. Finally, Plaintiff's conspiracy allegations do not meet the pleading standards under Federal Rule of Civil Procedure 8(a)(2).

This Court should dismiss all claims against the Steptoe Defendants in their entirety and with prejudice.[3]

---

[3] The Steptoe Defendants join any arguments for dismissal made by any other defendant, as appropriate.

## BACKGROUND

Out of a 27-page Complaint, only a handful of paragraphs make allegations directed at the Steptoe Defendants. *See* Compl. ¶¶ 64-70; *see id.*, ¶¶ 15, 27-29, 115-123, 165-176. Plaintiff's complaints go back to a 2011 driving-under-the-influence arrest. Compl. ¶ 30. But the Steptoe Defendants do not enter the scene until the fall of 2017, long after Plaintiff had been suspended, and ultimately terminated, from his position as a police officer, and after Plaintiff had contested his termination, first before the Merit Board and then in state court. The Steptoe Defendants first became involved in this case when Plaintiff sought post-judgment relief from the Circuit Court. Compl. ¶¶ 63, 64. Sheriff Dart retained the Steptoe Defendants to represent him in these proceedings and oppose Plaintiff's post-judgment motion. Compl. ¶ 64. Plaintiff argued that the Merit Board's decision to terminate his employment was void and asked the court for reinstatement and backpay on the grounds that the decision in *Taylor v. Dart*, 2017 IL App (1st) 143684-B was a change in law that required the Circuit Court to vacate the Merit Board's decision. Compl. ¶ 63. On behalf of their client, the Steptoe Defendants filed a brief arguing, among other things, that Plaintiff's case should be remanded back to a reconstituted Merit Board for a new decision. *See* Judge David B. Atkins' Order, *Campos v. Dart et al.*, No. 16-CH-00826 (Cir. Ct. Cook Cnty. Mar. 9, 2018), attached hereto as Exhibit A ("Ex. A"). In other words, the Steptoe Defendants advocated for Plaintiff to receive more process. The Circuit Court agreed in part with the Steptoe Defendants, and on March 9, 2018, vacated all of Plaintiff's prior adjudications on the basis that the previous adjudications were void and remanded the case back to the Merit Board. Compl. ¶ 71; *see also* Ex. A.

Plaintiff now has another chance to argue his case, *de novo*, before the Merit Board. He also had the chance to appeal the Circuit Court's decision to Illinois' appellate court. Yet,

instead of doing either, he has come to federal court, alleging § 1983 violations, seeking the relief he should be seeking from the Merit Board, and naming everyone involved as a defendant.

Plaintiff has brought five counts under §1983, alleging that the defendants, individually and as a part of conspiracy, violated his property and liberty interests, and deprived him of due process of law. Against the Steptoe Defendants specifically, Plaintiff claims that they violated §1983 by: "illegal[ly] represent[ing]" the Sheriff (Compl. ¶ 117); "argu[ing] Defendant Dart's opposition to the restoration of Plaintiff's constitutional rights" in the post-judgment proceedings (*id.* ¶ 118); "filed an appearance in [sic] circuit court purportedly on Dart's behalf" (*id.* ¶ 170); "conspired to enter into an illegal agency relationship with [Sheriff Dart] with its principal aim to deprive Plaintiff of his property right under the color of law" (*id.* ¶ 172); and "conspired to file and filed numerous briefs in opposition to the Plaintiff's constitutional rights" (*id.* ¶ 174).[4] In short, the Steptoe Defendants are accused of having violated § 1983 by representing Sheriff Dart.

The claims against the Steptoe Defendants should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## ARGUMENT

### I.   Applicable Legal Standard.

"A motion to dismiss a complaint, pursuant to Rule 12(b)(6), does not test whether the plaintiff will prevail on the merits, but instead tests whether the plaintiff has properly stated a claim." *Slovinec v. DePaul Univ.*, 222 F. Supp. 2d 1058, 1059 (N.D. Ill. 2002), *aff'd,* 332 F.3d 1068 (7th Cir. 2003) (internal citations omitted). "To pass muster on a 12(b)(6) motion . . . the complaint must [] contain sufficient allegations based on more than speculation to state a claim

---

[4] The Steptoe Defendants only filed one brief during the post-judgment proceedings. *See* Ex. A.

for relief that is plausible on its face." *Lengerich v. Columbia Coll.*, 633 F. Supp. 2d 599, 604 (N.D. Ill. 2009) (internal citations omitted).

### II. The Claims Against the Steptoe Defendants Fail Because the Lawyers Were Not Acting Under Color of State Law.

To state a claim under § 1983, "a plaintiff must demonstrate that: (1) the defendant(s) deprived him of a right secured by the Constitution or any law of the United States; and (2) the deprivation of that right resulted from the defendant(s) <u>acting under color of law</u>." *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998) (emphasis added).

Plaintiff alleges that the Steptoe Defendants violated his due process rights when they "act[ed] under the color of law" and "argued Defendant Dart's opposition to the restoration of Plaintiff's constitutional rights" in the post-judgment proceedings. Compl. ¶¶ 118, 123. In other words, Plaintiff claims that simply by making arguments on behalf of their client, the Steptoe Defendants violated § 1983. The Complaint on its face fails to state a claim under § 1983.

First, there can be no dispute that private attorneys can represent public officials in civil state court actions. *See, e.g.*, *Hefley v. Bruch,* 276 F. App'x 506, 507 (7th Cir. 2008) (police chief represented by private attorney); *see generally* 55 Ill. Comp. Stat. Ann. 5/3-9008 (listing various instances where private counsel can represent public officials). More importantly, it is also well-established that attorneys do not act under the color of law "merely by representing their clients." *Hefley,* 276 F. App'x at 507; *see also Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Agrawal v. Pallmeyer*, 313 F. App'x 866, 868 (7th Cir. 2009) ("[Plaintiff] also insists that he stated a claim against his attorneys under both § 1983 and *Bivens*, but the Schiff Hardin defendants are all private attorneys who acted neither under color of state law nor federal authority."); *Walton v. Neslund*, 248 F. App'x 733, 733-34 (7th Cir. 2007) (finding plaintiff's § 1983 claim against attorney "patently frivolous" because "a lawyer is not a state actor when he

performs the traditional function of counsel"); *Smith v. LaFollette*, No. 93-2639, 1994 WL 142877, at *1 (7th Cir. 1994) (private law firm did not act under color of law).

The fact that the Steptoe Defendants were representing a public official changes nothing; private attorneys do not transform into state actors by representing state actors. *See Hefley*, 276 F. App'x at 508 (affirming district court's dismissal of § 1983 suit against attorneys who represented the police chief); *see also Bethel v. Partin*, No. CIV.A. 10-0530-CG-C, 2011 WL 1671914, at *5 (S.D. Ala. Apr. 13, 2011), *report and recommendation adopted*, No. CIV.A. 10-0530-CG-C, 2011 WL 1671827 at *4–5 (S.D. Ala. May 3, 2011) (dismissing plaintiff's "frivolous" claim under § 1983 against attorneys for a state board of education); *Freshwater v. Mount Vernon City Sch. Dist. Bd. of Educ.*, No. 2:09-CV-464, 2010 WL 1434314, at *2 (S.D. Ohio Apr. 8, 2010) (finding that attorney who represented the school board in connection with plaintiff's termination was not liable under § 1983 and stating that "[i]t is well settled that a private attorney does not become a state actor simply by representing a public body"); *Horen v. Bd. of Educ. of the Toledo City Sch. Dist.,* 594 F. Supp. 2d 833, 841 (N.D. Ohio 2009) (dismissing § 1983 claim against private attorneys for a public school system because "attorneys do not become state actors by representing state or local governments").

Indeed, the Seventh Circuit has dismissed such claims against private attorneys on strikingly similar facts. In *Hefley v. Bruch,* a former police officer brought an employment discrimination suit against the city and police chief. 276 F. App'x 506, 507 (7th Cir. 2008). After he lost this case, he sued the city, chief, and the attorneys who represented the city and chief in the employment action, alleging—among other things—violations of § 1983. *Id.* The district court dismissed plaintiff's complaint against all defendants and the Seventh Circuit affirmed. *Id.* The appellate court found that the attorneys did not act under the color of law

"simply because the defendants represented state actors," and explained "[w]hether privately retained or appointed by a court, lawyers do not act under color of law merely by representing their clients." *Id.*

Plaintiff further complains that the Steptoe Defendants' representation was "illegal" because the Steptoe Defendants represented Sheriff Dart as an indigent defendant[5] when he was not and because the state court did not appoint the Steptoe Defendants as special state's attorneys. *See, e.g.*, Compl. ¶¶ 64-70, 116, 117, 120, 168-171. But these allegations add nothing to a claim under § 1983.

The process by which the Steptoe Defendants came to represent the Sheriff bears no causal connection to Plaintiff's alleged injuries. *See Crowder v. Lash*, 687 F.2d 996, 1002 (7th Cir. 1982) (in a § 1983 case, the plaintiff must prove "that the action of the defendants proximately caused the constitutional violation"). Equally important, Plaintiff did not contest the "legality" of the Steptoe Defendants' representation during the post-judgment proceedings, even though he had access to the same information regarding the supposedly flawed representation at the time. Plaintiff never objected in state court to the Steptoe Defendants' representation of Sheriff Dart in the case. To the extent Plaintiff has a complaint about the process by which outside counsel makes an appearance in state court, the complaint should be raised with that state court – it does not state a federal claim.

In sum, all claims against the Steptoe Defendants must be dismissed because they did not act under color of law by appearing as counsel of record to Sheriff Dart and submitting a single brief to the court on his behalf.

---

[5] Indigent defendants are not required to pay filing fees. *See* 735 Ill. Comp. Stat. Ann. 5/5-105. But the Steptoe Defendants paid filing fees in connection with the Sheriff's filing. *See* Appearance of Steptoe & Johnson LLP *Campos v. Dart et al.*, No. 16-CH-00826 (Cir. Ct. Cook Cnty. Nov. 20, 2017). There was no intent to suggest the Sherriff was indigent.

**III.    The Claims Also Fail Because Plaintiff Has Not Suffered a Deprivation of Rights.**

All of Plaintiff's § 1983 claims must be dismissed for the additional reason that Plaintiff has not suffered any deprivation of rights. To state a claim under § 1983, Plaintiff must show actual deprivations of his rights. *See Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). He has not been deprived of property without due process because, when Plaintiff's case was vacated and remanded back to the Merit Board, any alleged procedural due process violations were cured. *See* Ex. A. Taking as true for purposes of this motion only Plaintiff's allegations that the Merit Board was improperly constituted, and that his hearing before an improperly constituted Merit Board violated his due process rights, "[a] violation of procedural rights requires only a procedural correction." *Raditch v. United States*, 929 F.2d 478, 481 (9th Cir.1991). Plaintiff's case has been remanded and will proceed under a reconstituted Merit Board. In other words, the alleged defect that caused the alleged due process violation has been fixed and as such, there is no violation of due process. *See id.* at 481–82 (holding that plaintiff was not denied due process because any error was cured by remand); *United States v. Woods*, 931 F. Supp. 433, 437-38 (E.D. Va. 1996) (finding no due process violation because the "post-deprivation remedy of a remand . . . fully compensated [the claimant] for any procedural loss that he suffered"). Plaintiff now has an opportunity to argue his case before a new Merit Board. If victorious, he could be reinstated to his position and recover backpay and benefits.

In addition to failing under the law, Plaintiff's allegation that the Steptoe Defendants deprived him of property without due process by opposing his motion for post-judgment fails under basic logic. *See* Compl. ¶¶ 172-175. The Steptoe Defendants were arguing for Plaintiff to receive <u>more process</u>, not less. In the single brief they filed on behalf of the Sheriff, the Steptoe Defendants argued that Plaintiff's case should be remanded to the Merit Board where Plaintiff

could argue his case again. The Steptoe Defendants cannot have deprived Plaintiff of due process when they advocated for Plaintiff to receive more process.

Thus, all of Plaintiff's claims fail because he has not suffered a constitutional injury.

### IV. Plaintiff Has Not Plausibly Alleged a Conspiracy Between the Steptoe Defendants and Their Client.

Plaintiff also tries to hold the Steptoe Defendants liable under § 1983 pursuant to a conspiracy theory. *See, e.g.*, Compl. ¶¶ 172-175. These allegations fail for two reasons: (1) attorneys cannot "conspire" with their own client, and (2) Plaintiff's conspiracy allegations do not meet the pleading standards under Rule 8(a)(2).

First, as a matter of law, attorneys cannot conspire with their clients to violate an opposing party's constitutional rights when acting within the scope of their representation. This circuit has applied the intra-corporate conspiracy doctrine—which provides that two or more agents of one entity cannot conspire with each other—to the attorney-client relationship. *See Travis v. Gary Cmty. Mental Health Ctr., Inc.*, 921 F.2d 108, 111 (7th Cir. 1990) (rejecting an argument that a consultation with an attorney created a conspiracy to violate plaintiff's rights under the Civil Rights Act of 1891); *Squires-Cannon v. Forest Pres. Dist. of Cook Cty.*, No. 15 C 6876, 2016 WL 561917, at *6 (N.D. Ill. Feb. 12, 2016) (dismissing claim that attorneys had conspired with its client—the Forest Preserve of Cook County— to violate plaintiff's rights because "[t]he intra corporate conspiracy doctrine extends to consultation between outside legal counsel and an entity such that these communications are not a conspiracy"). In other words, because attorneys are employees of their clients, they are considered one entity, and a single entity cannot be liable for conspiracy. *See Niehus v. Liberio*, No. 88 C 6761, 1989 WL 26831, at *1 (N.D. Ill. Mar. 22, 1989) (noting that claims of conspiracy under § 1983 must show "a

combination of two or more persons acting in concert to commit an unlawful act . . . .") (citing *Hampton v. Hanrahan*, 600 F.2d 600, 620–21 (7th Cir. 1979)).[6]

There are compelling reasons why courts apply the intra-corporate conspiracy doctrine to the attorney-client relationship. If this relationship was not included under this doctrine, clients and attorneys would open themselves up to conspiracy claims simply by seeking/providing legal representation. Clients would be weary of seeking counsel before taking action, "hardly a sound step to take." *Travis*, 921 F.2d at 111. Attorneys would also hesitate before taking on certain clients for fear of facing a conspiracy claim just for doing their jobs. Occupied with fending off frivolous conspiracy claims brought by former adversaries of their clients, attorneys could quickly become buried in the work of their own defense rather than the work of their clients. The "right of a litigant to independent and zealous counsel [that] is at the heart of our adversary system," means that there are "even more compelling policy concerns" to "enforce the ban on

---

[6] Indeed, this rule is established in the Seventh Circuit and many others. *See Farese v. Scherer*, 342 F.3d 1223, 1232 (11th Cir. 2003) ("We agree with the well-reasoned opinion of the Third Circuit and hold that as long as an attorney's conduct falls within the scope of the representation of his client, such conduct is immune from an allegation of a § 1985 conspiracy."); *Heffernan v. Hunter,* 189 F.3d 405, 413 (3d Cir. 1999) (affirming dismissal of § 1985 conspiracy claim against attorneys because attorneys cannot conspire with their clients when acting within the scope of representation); *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 339-40 (6th Cir. 1984) (corporation could not "conspire" with its own attorneys, both in-house and outside counsel, under § 1985 of the Civil Rights Act); *Horen v. Bd. of Educ. of Toledo City Sch. Dist.*, 594 F. Supp. 2d 833, 842 (N.D. Ohio 2009) ("An attorney representing a client cannot 'conspire' within the attorney-client relationship."); *Lewis v. Montgomery Cty*., No. CIV.A. 01-3193, 2002 WL 32349408, at *1 (E.D. Pa. Apr. 8, 2002) (applying *Heffernan* to § 1983 claim against attorney and his law firm); *Stoner v. New York City Ballet Co.*, No. 99 CIV. 0196 (BSJ), 2002 WL 523270, at *9 (S.D.N.Y. Apr. 8, 2002) ("[T]here can be no conspiracy between a corporation and its counsel where the advice or concerted activity was within the scope of the representation"); *Shu v. Core Indus., Inc*., No. 7:989-CV-130-BR2, 1999 WL 33589276, at *4 (E.D.N.C. Feb. 10, 1999) (holding under *Travis* that "intracorporate discussions among several corporate employees and their outside counsel are not 'conspiracies' under this law").

conspiracies in the attorney-client context" than in the corporate context. *Heffernan v. Hunter*, 189 F.3d 405, 413 (3d Cir. 1999).[7]

Second, Plaintiff's conspiracy allegations fail because they do not "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff has simply put the words "conspired to" before the allegations that the Steptoe Defendants violated § 1983 for merely doing their jobs. Compl. ¶¶ 172, 174-75 (claiming the Steptoe Defendants "conspired to" "enter into an illegal agency relationship," "file[] numerous briefs,"[8] and "prolong the restoration of Plaintiff's constitutional rights."). Of course, inserting the term "conspired to" before describing actions does not plausibly allege a conspiracy. In order to state a plausible claim, Plaintiff must plead more than "mere allegations of joint action or a conspiracy." *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998); *see also Tom Beu Xiong v. Fischer,* 787 F.3d 389, 398 (7th Cir. 2015) ("It is well established that a bare allegation of a conspiracy between private and state entities is insufficient to bring the private entity within the scope of § 1983.") (internal citations omitted). Courts in this circuit routinely dismiss conspiracy claims under § 1983 when the allegations are as conclusory as Plaintiff's. *See, e.g.*, *Snipes v. Palmer*, 186 F. App'x 674 (7th Cir. 2006) (affirming dismissal of conspiracy claims because "complaint says nothing about the timing, scope, and terms of the purported agreement and therefore does not satisfy the minimal requirements of notice pleading"); *Mnyofu v. Bd. of Educ. of Sch. Dist. 227*, No. 03 C 8717, 2004 WL 783507, at *3 (N.D. Ill. Jan. 12, 2004) ("Although

---

[7] Neither of the two exceptions to the intra-corporate conspiracy doctrine is alleged here. *See Squires-Cannon v. Forest Pres. Dist. of Cook Cty.*, No. 15 C 6876, 2016 WL 561917, at *6 (N.D. Ill. Feb. 12, 2016) (quoting *Hartman v. Bd. of Trs. of Cmty. Coll. Dist.*, *No. 508*, 4 F.3d 465, 470–71 (7th Cir. 1993)) (explaining the two exceptions).

[8] Steptoe Defendants only filed one brief. *See* Ex. A.

plaintiff does make allegations of a conspiracy, those averments amount to nothing more than inserting 'conspired to' before verbs describing defendants' conduct.").

In sum, Plaintiff's Complaint should be dismissed for the additional reason that he has not stated a conspiracy claim under § 1983 against the Steptoe Defendants.

**V.     Plaintiff Improperly Served the Steptoe Defendants.**

Federal Rule of Civil Procedure 4(e) allows service on an individual by: (1) any method permissible under the state law of the jurisdiction "where the district court is located or where service is made;"[9] (2) "delivering a copy of the summons and of the complaint to the individual personally;" (3) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (4) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Plaintiff did none of the above. *See* Declaration of Terance Gonsalves; *see also Dumas v. Decker*, No. 10 C 7684, 2012 WL 1755674, at *2 (N.D. Ill. May 16, 2012) ("In determining whether a summons was personally served, the court may consider affidavits, other documentary evidence, depositions, and oral testimony."). Thus, the claims also fail under Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service process.

## CONCLUSION

For the reasons stated herein, and others appearing in the record, the Steptoe Defendants respectfully request that the Court grant the Motion to Dismiss Plaintiff's Complaint with prejudice.

---

[9] Under Illinois law, personal service "upon an individual defendant shall be made (1) by leaving a copy of the summons with the defendant personally, (2) by leaving a copy at the defendant's usual place of abode . . . ." 735 Ill. Comp. Stat. Ann. 5/2-203.

Respectfully submitted,

        STEPTOE & JOHNSON LLP

        By: /s/ Terance A. Gonsalves
        Terance A. Gonsalves (Bar No: 6272295)
        tgonsalves@steptoe.com
        115 South LaSalle Street
        Suite 3100
        Chicago, IL 60603
        Tel.: 312-577-1275
        Fax: 312-577-1370

        Gwendolyn P. Renigar
        (admission *pro hac vice* pending)
        grenigar@steptoe.com
        Laura Lane-Steele
        (admission *pro hac vice* pending)
        LLaneSteele@steptoe.com
        1330 Connecticut Avenue NW
        Washington, DC 20036
        Tel.: 202-429-3000
        Fax: 202-429-3902

        *Counsel for Defendants Terance "Tery" Gonsalves, Daniel Raymond, and William Andrichik*

Dated: May 2, 2018

## CERTIFICATE OF SERVICE

I, Terance A. Gonsalves, an attorney, hereby certify that on May 2, 2018, I caused a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** to be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

/s/ Terance A. Gonsalves