# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL O. CAMPOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 18-cv-2305 |
| v. ) | |
| ) | Hon. Charles R. Norgle |
| COOK COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Plaintiff Michael Campos ("Plaintiff") brings the instant action under 42 U.S.C. § 1983 against Defendants Cook County, Cook County Sheriff's Merit Board ("Merit Board"), Steptoe and Johnson, LLP ("Steptoe and Johnson"), Sheriff Thomas Dart, Bryon Brazier, James Nally, John Dalicandro, Brian Riordan, Jennifer Bae, Vince Winters, Patrick Brady, Kim Widup, Juan Balitierre, Gray Mateo Harris, Daniel Raymond, Terence Gonzalvez, and William Andrichik. Before the Court are the Merit Board and Sherriff Thomas Dart's motion to dismiss, the Cook County State's Attorney's motion to dismiss, and Cook County's motions to dismiss. For the reason stated, Defendants Cook County Merit Board and Sheriff Thomas Dart's motion to dismiss is granted. The two remaining motions to dismiss are denied as moot.

## I.    BACKGROUND

### A. The Parties

Plaintiff is a former Cook County Corrections officer who was terminated from his position 2011. The Merit Board is a statutorily constructed entity under 55 ILCS 5/3-7002 *et seq.*, in exclusively authorized to impose discipline in excess of 30 days and provide employees with meaningful and timely post-deprivation hearings. The following defendants were members of the

Merit Board at the time Plaintiff filed his Amended Complaint and they are being sued in both their official and individual capacities for intentional constitutional torts: Byron Brazier; James Nally; John Dalicandro; Vince Winters; Patrick Brady; Kim Widum; and Juan Balitierre, who is being sued solely in his official capacity. The following former members of the Merit Board are also being sued in their individual and official capacity for intentional constitutional torts: Brian Riordan; Jennifer Bae; and Gray Mateo Harris. Steptoe and Johnson is a law firm and an Illinois Limited Liability partnership located in Chicago, Illinois, whom represented Sheriff Tom Dart and the Merit Board during the underlying circuit court matter. Plaintiff is suing Steptoe and Johnson for indemnification purposes for the alleged unlawful participation of its agents and employees in the conspiracy to deprive Plaintiff of his constitutional rights. Daniel Raymond, Terence Gonzalvez, and William Andrichik are attorneys employed by Steptoe and Johnson and are being sued for intentional constitutional torts. Daniel Raymond, Terence Gonzalvez, and William Andrichik were terminated from this matter on May 10, 2018. Dkt. 21.

## B. Underlying Facts

On or about November 6, 2010, Plaintiff was arrested for driving under the influence of alcohol. On November 29, 2011, the Cook County Sheriff Department submitted a complaint to the Merit Board, seeking the termination of Plaintiff in relation to the November 6, 2010 incident. In February 2012, over the Cook County State's Attorney's objection, the Circuit Court of Cook County rescinded the Secretary of State's summary suspension of Plaintiff's driving privileges. The trial court then granted Plaintiff's motion to quash and suppress evidence related to Plaintiff's arrest. The suppression of evidence was affirmed on appeal on May 14, 2014, and the charges were consequently dismissed.

In reviewing the Cook County Sheriff Department's complaint that sought Plaintiff's termination, the Merit Board held an evidentiary hearing on December 10, 2014. The evidentiary hearing concerned whether Plaintiff had driven under the influence of alcohol, struck several unattended motor vehicles, left the scene of an accident, and violated his DUI court supervision. After review of the testimony, the Merit Board found that, by the preponderance of evidence, Plaintiff violated several rules and regulations of the Cook County Department of Corrections. Am. Compl., Ex 1, at 2. On October 15, 2015, the Merit Board ordered that Plaintiff be terminated from his position effective November 29, 2011. Id.

In November 2016, more than a year after the Merit Board's decision, Plaintiff filed a complaint for administrative review of the decision in the Circuit Court of Cook County. The circuit court found that the Merit Board's decision was vague and remanded it for a new decision. On April 20, 2017, the Merit Board again found, by a preponderance of the evidence, that Plaintiff violated the rules and regulations of the Cook County Department of Corrections. Plaintiff again filed a motion for post-judgment relief in the circuit court. Plaintiff argued that the Merit Board was illegally constituted and, thus, the circuit court was required to vacate the Merit Board's decision.

On March 9, 2018, the circuit court agreed with Plaintiff's argument and voided Plaintiff's prior adjudications, citing Taylor v. Dart, 81 N.E.3d 1 (Ill. App. 2016) appeal denied, 89 N.E.3d 764 (Ill. 2017). In Taylor, the appellate court held that the Merit Board was improperly constituted beginning in May 2011 because it contained a member whose term of office did not meet the six year term length required by 55 ILCS 5/3-7002. Id. at 10. Accordingly, the appellate court held that the Merit Board's decision to terminate the plaintiff was void, vacated, and remanded for a

3

hearing before a lawfully constituted Merit Board. Id. After voiding the prior adjudications in Plaintiff's matter, the circuit court remanded to the Merit Board to issue a new decision.

After Taylor, the Illinois General Assembly amended the Merit Board Act. The amendment removed all then-serving Merit Board members and authorized the Sheriff, with advice and consent of Cook County, to make new appointments as well as interim appointments to terms of fewer than six years in the event of vacancies. See 55 ILCS 5/3-7002 (as amended effective Dec. 8, 2018). The amended Merit Board Act became law on December 8, 2017, and the Merit Board was subsequently reconstituted.

Rather than wait for the newly reconstituted Merit Board to review the matter, as ordered by the circuit court, Plaintiff filed the instant § 1983 action. The root of Plaintiff's seven count complaint is that the Merit Board was unlawfully comprised at the time it made its decision to terminate him and, as a result, his post termination process was delayed unnecessarily. From this alleged delay, Plaintiff avers that Defendants, including a private law firm and its attorneys, conspired to and did deprive him of his substantive due process rights, property, and liberty. Defendants Merit Board and Sheriff Thomas Dart now move to dismiss Plaintiff's Amended complaint pursuant to Rule 12(b)(6).

## II. ANALYSIS

### A. Standard of Review

A motion under Rule 12(b)(6) tests the sufficiency of the complaint under the plausibility standard, Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 570 (2007), not the merits of the suit. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). "[A] plaintiff's claim need not be probable, only plausible: 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very

remote and unlikely.'" Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (quoting Twombly, 550 U.S. at 556). "To meet this plausibility standard, the complaint must supply 'enough fact to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." Id. at 935. (quoting Twombly, 550 U.S. at 556). In deciding a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in a plaintiff's complaint and draws all reasonable inferences in his favor. Burke v. 401 N. Wabash Venture, LLC, 714 F.3d 501, 504 (7th Cir. 2013) (citations omitted). "[T]he complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." EEOC v. Concentra Health Servs., 496 F.3d 773, 776 (7th Cir. 2007).

## B. Plaintiff Fails to Allege a Substantive Due Process Violation

Count I and Count II claim that Plaintiff's substantive due process rights were violated by the deprivation of his property interest in his tenured employment. The Court disagrees. Plaintiff's alleges as a tenured public employee Plaintiff has a state created property interest pursuant to 55 ILCS 5/3-7011-12, and therefore, Defendants owed Plaintiff certain post-deprivation procedures.

As an initial matter, Plaintiff's Response is, at times, inapposite to the substantive due process claims set forth in the Amended Complaint. The Amended Complaint, specifically Count I and Count II, seeks relief under § 1983 for "Substantive Due Process" violations. Am. Compl. at 13 and 16. The word "procedural" does not appear *anywhere* in the Amended Complaint. Moreover, Plaintiff was given leave to amend his Complaint and, in addition to adding a claim for retaliation in violation of his First Amendment rights, Plaintiff amended Count I and Count II from "42 U.S.C. § 1983 Due Process" violations to "42 U.S.C. § 1983 *Substantive* Due Process" violations. Compl. at 13 and 16; Am. Compl., at 13 and 16 (emphasis added). Thus, Plaintiff amended his complaint to specifically state substantive due process claims.

5

Despite bringing claims for substantive due process violations, in his Response, Plaintiff cites to case law discussing pleading requirements for procedural due process claims. Pl.'s Resp. at 11 (emphasis added). Also in his Response, Plaintiff refers to "Defendants' challenge to Plaintiff's procedural due process claims […]." Id. at 12. However, Plaintiff has not brought any procedural due process claims and cannot do so through his Response. Car Carriers v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Accordingly, the Court considers only the sufficiency of Plaintiff's allegations regarding his substantive due process claims.

Here, Plaintiff fails to allege any substantive due process violations. "We are consistently reminded that the scope of substantive due process is very limited" Tun v. Whitticker, 398 F.3d 899, 902 (7th Cir. 2005). Substantive due-process claims are limited to violations of fundamental rights, and employment related rights are not fundamental. Palka v. Shelton, 623 F.3d 447, 453 (7th Cir. 2010). Thus, "when a plaintiff's substantive due process claim is predicated on the deprivation of a state-created property interest, the plaintiff must show (1) that the state actor's conduct was arbitrary and irrational, and (2) that the state actor committed a separate constitutional violation *or* that state law remedies are inadequate." Galdikas v. Fagan, 342 F.3d 684, 691 (7th Cir. 2003); Palka, 623 F.3d 447 (holding that a tenured Cook County Deputy Sheriff did not allege a substantive due process claim for wrongful termination where he failed to allege a separate constitutional violation or inadequate state law remedies). As in Palka, Plaintiff is alleging a substantive due process claim for wrongful termination of tenured employment. Accordingly, Plaintiff must allege either a separate constitutional violation or lack of adequate state law remedy.

The Court will first address Plaintiff's alleged separate constitutional violation. In his Amended Complaint, Plaintiff alleges a speech retaliation claim stating he possessed a "First

Amendment right to seek redress for the unlawful termination for his employment." Am. Compl. ¶ 231. To make out a *prima facie* case of speech retaliation, Plaintiff must demonstrate that: "(1) his speech was constitutionally protected; (2) he has suffered a deprivation likely to deter free speech; and (3) his speech was at least a motivating factor in the employer's actions." Kidwell v. Eisenhauer, 679 F.3d 957, 964 (7th Cir. 2012). Plaintiff fails to allege a single element for this claim, nor does he present any arguments or case law in his Response regarding this claim. Accordingly, Plaintiff fails to sufficiently allege a First Amendment violation—the only separate constitutional violation set forth in his Amended Complaint.

Without a separate constitutional violation, Plaintiff must show that there are inadequate state law remedies. Plaintiff fails to do so. In the wake of the appellate court ruling in Taylor, the Illinois General Assembly amended the Merit Board Act. After the amendments became law, the Merit Board was reconstituted. While Plaintiff claims that the merit board is still unconstitutional, he does not provide any support for this assertion or even attempt to identify what makes it unconstitutional. In contrast to Plaintiff's baseless assertion, the circuit court remanded Plaintiff's matter back to the Merit Board for a new decision by the reconstituted Merit Board.

As Plaintiff admits in his Amended Complaint, the departmental regulation of post-deprivation hearings is designed to protect Plaintiff's due process rights. While Plaintiff has issue with the delay of the proceedings prior to this point, Plaintiff fails to demonstrate why the newly reconstituted Merit Board and the subsequent available appeals process would not provide an adequate remedy. See Jones v. Doria, 767 F. Supp. 1432, 1437 (N.D. Ill. 1991) (holding that a suspended deputy sheriff failed to demonstrate an inadequate remedy where he had "the right to appeal a disciplinary suspension to the Commission and, beyond that, the right to appeal an unfavorable Commission order to the circuit court under the Administrative Review Law."); Palka,

623 F.3d 453 ("The Merit Board provides adequate procedural protections to Cook County employees facing disciplinary charges[.]"). Plaintiff's formal procedures to pursue an adequate remedy are currently underway.

Plaintiff relies on Taylor to argue that his entire termination proceeding to date has been a sham and that future proceedings would be futile. While the circuit court relied on Taylor to void the Merit Board's decision to terminate Plaintiff, recent Illinois appellate case law severely limits the scope of Taylor. The appellate court in Lopez, 2018 IL App (1st) 170733, ¶ 1, addressed the validity of another termination decision made by the Merit Board when it was unlawfully constituted. Id. at ¶ 47. The appellate court invoked the *de facto* officer doctrine—barring subsequent collateral attacks on the Merit Board's unlawful constitution. Id. The *de facto* officer doctrine "confers validity upon acts performed by a person acting under the color of official title even though it is later discovered that the legality of that person's appointment or election to office is deficient." Ryder v. United States, 515 U.S. 177, 180 (1995). "It distinguishes between 'collateral' attacks, in which a plaintiff attacks government action on the ground that the officials who took the action were improperly in office, and 'direct' attacks, in which a plaintiff attacks the qualifications of the officer, rather than the actions taken by the officer." Andrade v. Lauer, 729 F.2d 1475, 1496 (1984). The *de facto* officer doctrine bars such collateral attacks. SW Gen. Inc. v. NLRB, 796 F.3d 67, 81 (2015). Accordingly, the appellate court in Lopez held that the decision in Taylor applies only to the Taylor plaintiff and subsequent collateral attacks on the Merit Board's actions are barred. 2018 IL App (1st) 170733, ¶ 58 ("[T]hat in a collateral proceeding, it is best to draw a line and permit only the first challenger of the improper appointment to invalidate the agency's decision, but no others.").

8

Pursuant to the Rooker-Feldman doctrine, the Court expresses no view regarding the impact of Lopez on the circuit court's decision to void the Merit Board's termination of Plaintiff. Rooker v. Fid. Tr. Co., 263 U.S. 413, 416 (1923) (the United States' District Courts' jurisdiction is strictly original, consequently they do not have appellate jurisdiction to reverse or modify a state court judgment); D.C. Court of Appeals v. Feldman, 460 U.S. 462, (1983). Rather, Lopez merely demonstrates that Plaintiff's collateral attack on the Merit Board's composition is unsupported. For these reasons, it is evident that Plaintiff *does* have has adequate state law remedies. Accordingly, Plaintiff fails to plead a substantive due process claim.

## C. A Conspiracy Claim in a § 1983 Action Cannot Stand by Itself

Next Counts III, IV, and VI, allege that the unlawful constitution of the Merit Board amounts to a conspiracy by all Defendants, including the Cook County State's Attorney's Office, Steptoe and Johnson, and its three attorneys, to intentionally deprive Plaintiff of his property and liberty rights. However, "conspiracy is not an independent basis of liability in § 1983 actions." Smith v. Gomez, 550 F.3d 613, 617 (7th Cir. 2008); Lewis v. Washington, 183 F. App'x 553, 554 (7th Cir. 2006) ("Section 1983 does not punish conspiracy[.]"). Since Plaintiff fails to allege any underlying constitutional deprivation, he cannot bring these conspiracy claims alone. Archer v. Chisholm, 870 F.3d 603, 620 (7th Cir. 2017) ("Because [the plaintiff]'s claims all fail to show the denial of a civil right, her civil conspiracy claim (based on the same underlying conduct) was also correctly dismissed.").

## D. Plaintiff Cannot Recover the Other Relief Sought

Plaintiff requests a preliminary and permanent injunction prohibiting Defendants from initiating further post-deprivation proceedings relating to incidents predating 2014. This request would require the Court to place a limitation on the state administrative process. Plaintiff does not

address his request for preliminary or permanent injunctions in his Response and does not provide any case law to support his assertion that the Court has the authority to direct the Merit Board on how to conduct its proceedings.

The circuit court's latest order regarding Plaintiff's post-deprivation proceedings voided the Merit Board's final administrative decision and remanded the matter for a new decision. Dkt. 43, Ex. 3 at 4. The circuit court did not restrict the Merit Board's proceedings to only incidents occurring after 2014. Id. Thus, Plaintiff's request that the Court to place such restrictions would require the Court to modify the circuit court's order in violation of the Rooker-Feldman doctrine. Rooker, 263 U.S. at 416; Holt v. Lake Cty. Bd. of Comm'rs, 408 F.3d 335, 336 (7th Cir. 2005) ("The lower federal courts lack subject matter jurisdiction to review state court decisions[.]"). Accordingly, the Court will not enter any such injunction to limit or otherwise constrain the Merit Board's proceeding in contravention of the circuit court order.

Finally, Plaintiff asks the Court to reinstate him to paid status, award full back-pay, and reinstate his healthcare benefits. However, when an administrative decision is set aside on the basis that the agency was unlawfully constituted, the Illinois Supreme Court has held that the proper course of action is to remand the matter to the agency for reconsideration by a legally constituted board. Holt v. Lake Cty. Bd. of Comm'rs, 408 F.3d 335, 336 (7th Cir. 2005). "[A] court is limited in its powers by the Administrative Review Act and could only affirm or reverse the order of suspension with or without remand." Bless v. Cook Cty. Sheriff's Office, No. 13 C 04271, 2018 WL 3474507, at *3 (N.D. Ill. July 19, 2018); (citing Taylor, 81 N.E.3d at 7) (Bless and Lopez both holding that where the Merit Board was improperly constituted, the appropriate remedy was to remand the matter to the Merit Board). Since the circuit court already remanded Plaintiff's matter to the Merit Board this issue is moot. The Court cannot adjudicate the Circuit Court's decision.

### III. CONCLUSION

Plaintiff fails to allege that Defendants deprived him of his substantive due process rights because he has an adequate state law remedy and he fails to allege a separate constitutional deprivation. The formal procedure for Plaintiff's adequate state law remedy is currently pending. Without an underlying deprivation, Plaintiff cannot bring an independent claim of conspiracy to deprive him of property or liberty. Finally, for the Court to enter a preliminary and permanent injunction limiting the scope of the Merit Board's decision would modify the circuit court decision, in contravention of the Rooker-Feldman doctrine. Moreover, Plaintiff's requests for reinstatement, backpay, and reinstatement of health benefits are not the proper remedy where the Merit Board was unlawfully constituted; rather the appropriate remedy is to remand the matter. Accordingly, Defendants Cook County Merit Board and Sheriff Thomas Dart's motion to dismiss is granted. The two other pending motions to dismiss are denied as moot. Plaintiff's Amended Complaint is dismissed with prejudice. Civil case terminated.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: November 5, 2018