

CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 18-3472

MICHAEL O. CAMPOS,

*Plaintiff-Appellant,*

*v.*

COOK COUNTY, *et al.,*

*Defendants-Appellees.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 18-cv-2305 — **Charles R. Norgle**, *Judge.*

———————————

ARGUED MAY 29, 2019 — DECIDED AUGUST 5, 2019

———————————

Before KANNE, SYKES, and BRENNAN, *Circuit Judges.*

KANNE, *Circuit Judge*. After Michael Campos's August 2011 arrest for driving under the influence, his employer—the Cook County Sheriff's Office—began termination proceedings. The Merit Board has voted to terminate Campos's employment on two occasions. But both times the Cook County Circuit Court vacated the decision. And, to this day, the termination proceedings are ongoing. Instead of waiting for their completion, Campos filed this federal law suit alleging,

among other things, that the protracted proceedings have violated his substantive due process rights. Because Campos has not met the high standard for stating a substantive due process claim, we affirm the district court's dismissal of his claims.

## I. BACKGROUND

In 1997, Michael Campos began working for the Cook County Sheriff's Office as a correctional officer. In August 2011, he was arrested for driving under the influence, striking a vehicle, and leaving the scene of an accident. Campos self-reported the incident, and the sheriff suspended him without pay on November 29, 2011, and referred him for termination. By law, the Cook County Sheriff's Merit Board has exclusive authority to terminate Sheriff's Office employees. 55 Ill. Comp. Stat. 5/3-7012.

While the Merit Board proceedings were ongoing, the Cook County Circuit Court granted Campos's motion to suppress and quashed his arrest. On October 15, 2015, the Merit Board voted to terminate Campos for violating state law. He petitioned the circuit court for review approximately one year later. On January 18, 2017, the circuit court granted Campos's petition, vacated the Merit Board's decision as too vague to allow for judicial review, and remanded for a second attempt.

In April 2017, the Merit Board once again voted to terminate Campos. He sought judicial review. And on March 9, 2018, the circuit court vacated and remanded a second time. But this time, the court vacated the Merit Board's decision not because of some defect in the reasoning but because of a defect in the Merit Board's composition.

The circuit court relied upon a developing line of cases involving interim appointments to the Merit Board. In *Taylor v. Dart*, the Illinois Appellate Court found that the Merit Board Act does not permit the sheriff to appoint Merit Board members to terms of fewer than six years. 64 N.E.3d 123, 130 (Il. App. Ct. 2016) (citing 55 Ill. Comp. Stat. 5/3–7002). Because one member of the Merit Board was serving an interim term when the Board voted to terminate the plaintiff, the *Taylor* court held that the decision was void. *Id.* at 132. The circuit court found that the reasoning in *Taylor* applied with equal force to Campos. When the Merit Board voted to terminate him, one member was serving an interim term.[1]

At this point, it had been almost seven years since the sheriff suspended Campos without pay. Rather than wait for a third Merit Board decision, he filed suit in federal court. Campos's initial complaint—filed on March 29, 2018—named eighteen defendants and advanced five claims. Besides suing Cook County, the Cook County State's Attorney's Office, the sheriff, the Merit Board, and the Board's members, he also sued the law firm Steptoe and Johnson, LLP, and three of its attorneys (who represented the county in the circuit court proceedings). On May 2, 2018, the Steptoe defendants filed a motion to dismiss the claims against them. The district court scheduled a hearing on the motion for May 11, 2018.

On May 10, Campos filed an amended complaint in which he renewed his claims against all defendants (except the Cook

---

[1] After *Taylor*, the Illinois General Assembly amended the Merit Board Act to allow the sheriff to make interim appointments. 55 Ill. Comp. Stat. 5/3-7002 (as amended effective Dec. 8, 2017). The sheriff has now reconstituted the Board, correcting the problem identified in *Taylor*.

County State's Attorney's Office) and added a sixth claim (for First Amendment retaliation). The district court held the already-scheduled hearing the next day. When plaintiff's counsel advised the court that he had filed an amended complaint the day before, the court noted that it had not granted leave to file an amended complaint. The court referred to the Local Rules for the Northern District of Illinois and concluded that the original complaint remained the operative document. *See* N.D. Ill. L.R. 5.3(b) ("Every motion or objection shall be accompanied by a notice of presentment specifying the date and time on which, and judge before whom, the motion or objection is to be presented."). After that finding, the court dismissed the Steptoe defendants with prejudice.

Several months later, the remaining defendants filed a motion to dismiss the amended complaint. On November 5, 2018, the court granted that motion and dismissed the amended complaint with prejudice. Campos appealed.

## II. ANALYSIS

We review the dismissal of a complaint for failure to state a claim *de novo*. *Kanter v. Barr*, 919 F.3d 437, 440 (7th Cir. 2019). Campos's amended complaint advances two substantive due process claims, three conspiracy claims, and one First Amendment retaliation claim. Oddly, Campos does not bring a procedural due process claim, focusing instead on substantive due process. He does suggest that his conspiracy claims might be either substantive or procedural, but a plaintiff cannot bring a § 1983 claim for conspiracy to deny a civil right unless the plaintiff states an underlying claim for denial of a right. *Archer v. Chisholm*, 870 F.3d 603, 620 (7th Cir. 2017). Section 1983 conspiracy claims are derivative; they cannot stand alone. In other words, because he has alleged no underlying

procedural due process violation, his conspiracy claims cannot be procedural in nature.

Accordingly, we limit our analysis to whether Campos has stated substantive due process claims. For the reasons that follow, he has not. And, although Campos spends considerable time discussing recent decisions by the Illinois appellate courts which limit *Taylor*'s impact, we find this line of argument to be a red herring. Because Campos did not state cognizable claims, the district court properly dismissed with prejudice.

### A. Campos Did Not State Substantive Due Process Claims

"[T]he scope of substantive due process is very limited." *Tun v. Whitticker*, 398 F.3d 899, 902 (7th Cir. 2005) (citing *Washington v. Glucksberg*, 521 U.S. 702 (1997)). And courts should be "reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992). Given its slippery nature, the requirements for stating a substantive due process claim are similarly vague. A plaintiff must allege that the government violated a fundamental right or liberty. *Glucksberg*, 521 U.S. at 720; *Belcher v. Norton*, 497 F.3d 742, 753 (7th Cir. 2007). And that violation must have been arbitrary and irrational. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998); *Idris v. City of Chicago*, 552 F.3d 564, 566 (7th Cir. 2009). Substantive due process protects against only the most egregious and outrageous government action. *See Lewis*, 523 U.S. at 845; *Belcher*, 497 F.3d at 753 (7th Cir. 2007).

"[E]mployment-related rights are not fundamental." *Palka v. Shelton*, 623 F.3d 447, 453 (7th Cir. 2010). Accordingly, a

public employee alleging wrongful termination cannot state a substantive due process claim "unless the employee also alleges the defendants violated some other constitutional right or that state remedies were inadequate." *Id.* (citing *Montgomery v. Stefaniak*, 410 F.3d 933, 939 (7th Cir. 2005)). Thus, to state a claim, Campos must allege that the defendants deprived him of a state-created property interest by arbitrary and irrational conduct and that the defendants either committed a separate constitutional violation or state law remedies are inadequate. *Galdikas v. Fagan*, 342 F.3d 684, 691 (7th Cir. 2003), *abrogated on other grounds by Spiegla v. Hull*, 371 F.3d 928 (7th Cir. 2004).

Campos spends considerable time arguing that he possesses a property interest in continued employment. The defendants do not deny he does, and we assume the same. The dispositive question is whether Campos's allegations satisfy the remaining elements.

To begin with, Campos hasn't alleged an independent constitutional violation. He seems to contend that "[h]is property interest was the *other constitutional right*." But the existence of a property right is a predicate to a due process claim. *Hudson v. City of Chicago*, 374 F.3d 554, 559 (7th Cir. 2004). Campos's alleged property interest in his employment satisfies one element of his due process claim, but it doesn't constitute an independent constitutional claim on its own.

On appeal, Campos makes no mention of the First Amendment retaliation claim which he alleged in his amended complaint. Accordingly, he has waived any challenge to the district court's dismissal of that claim. *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012). Campos does make several opaque references to "stigma-plus claims" in his opening

brief. But he never explains what he means by that term, much less cite any cases articulating the elements of the claim or clearly identifying the facts which might support its application here.[2] Campos has waived this underdeveloped argument. *Id.* Accordingly, Campos has not identified any independent constitutional violations which might support his substantive due process claim.

Campos also argues that the protracted state court proceedings demonstrate the inadequacy of his state law remedies. He cites to cases which establish that public employers must provide tenured employees with a timely and meaningful hearing before termination. *See, e.g., Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985); *Hudson*, 374 F.3d at 559. But these cases discuss the minimum procedural due process requirements for terminating public employees. Campos has alleged substantive due process violations.

Campos's allegations fall short. To begin with, his state court remedies have, in fact, been effective. He's twice convinced the circuit court to vacate the Merit Board's decision. The fact that the circuit court identified problems in both Merit Board decisions doesn't show that the Merit Board

---

[2] In his reply brief, Campos finally unveils the basis for this mysterious "stigma-plus" claim. He seems to mean what we've referred to as an "occupational-liberty claim." *See Palka*, 623 F.3d at 454 ("An occupational-liberty claim may arise when, after an adverse employment action, a public employer stigmatizes the employee by making public comments impugning his good name, honor, or reputation or imposes a stigma that forecloses other employment opportunities."). This is too little, too late. Parties waive arguments which they develop for the first time in a reply brief. *Harris v. Warrick Cty. Sheriff's Dep't*, 666 F.3d 444, 448 (7th Cir. 2012)

procedures are inadequate—it demonstrates that the review process has worked. *See Palka*, 623 F.3d at 453 (holding that the Merit Board disciplinary process satisfies Cook County's procedural due process obligation).

Of course, the Fourteenth Amendment guarantees Campos an opportunity to be heard regarding his termination "at a meaningful time and in a meaningful manner." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Eventually, justice delayed is justice denied. *See Schroeder v. City of Chicago*, 927 F.2d 957, 960 (7th Cir. 1991) ("[A]t some point delay must ripen into deprivation, because otherwise a suit alleging deprivation would be forever premature."). And almost eight years have elapsed since the sheriff first suspended Campos.

But there is no bright-line rule for determining when protracted review proceedings run afoul of due process. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) (explaining that courts identify due process requirements by carefully weighing the relevant interests). And state law remedies fail to satisfy due process only when they are "meaningless or nonexistent." *Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 535 (7th Cir. 2008) (rejecting a procedural due process claim brought by a terminated firefighter) (quoting *Easter House v. Felder*, 910 F.2d 1387, 1406 (7th Cir. 1990)). We do not opine on whether the lengthy termination process satisfies Campos's procedural due process rights (though we do note that federal lawsuits often pend for several years, especially if remanded to the district court). *See Easter House*, 910 F.2d at 1406 ("[A]lmost all litigation, whether conducted in a state or federal forum, may be characterized as a lengthy and speculative

process."). But the eight-year process is certainly not so arbitrary or outrageous as to violate substantive due process.[3]

We offer no opinion regarding when delays in reaching a final adjudication might offend procedural due process. We merely find that the convoluted proceedings here are evidence that Campos has received repeated—and efficacious—opportunities to challenge his termination. The district court properly dismissed Campos's due process and conspiracy claims.

### B. The District Court Did Not Abuse Its Discretion By Dismissing Campos's Claims With Prejudice

Finally, Campos argues that the district court erred when it dismissed his claims with prejudice. We review that decision for abuse of discretion. *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018). The court certainly did not err when it dismissed Campos's amended complaint with prejudice. For the reasons we've just articulated,

---

[3] We note, briefly, that post-*Taylor* developments in Illinois law do not affect our analysis (despite Campos's arguments to the contrary). In *Lopez v. Dart*, the Illinois appellate court applied the *de facto* officer doctrine—which confers validity on acts performed by a person acting under color of title even if a later defect in his or her appointment comes to light—to Merit Board decisions. 118 N.E.3d 580, 591, 595 (Ill. App. Ct. 2018). Accordingly, only the first challenger may invalidate the agency decision. The Illinois court of appeals issued *Lopez* after the circuit court vacated the second Merit Board decision in Campos's case. The district court observed that this decision may have been erroneous (and the County has asked the circuit court for reconsideration). Naturally, Campos disagrees. He argues that *de facto* officers can still commit constitutional violations. That's undoubtedly true but ultimately irrelevant because he hasn't stated a claim. We, of course, offer no opinion regarding the proper resolution of Campos's appeal before the circuit court.

Campos did not state claims upon which relief could be based, and a district court need not grant leave to amend if there doesn't seem to be a plausible way to cure the defects. *Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015).

We are slightly more concerned about the district court's dismissal of the Steptoe defendants (back in May 2018). That dismissal came after Campos filed an amended complaint as of right (as permitted by Federal Rule of Civil Procedure 15(a)(B)) but before defendants filed a motion to dismiss that new complaint. At the May 11, 2018, hearing, the district court suggested that the amended complaint wasn't properly filed because it hadn't been "presented," as required by the Local Rules. N.D. Ill. L.R. 5.3(b) ("Every motion or objection shall be accompanied by a notice of presentment specifying the date and time on which, and judge before whom, the motion or objection is to be presented.").

Local Rule 5.3(b) applies only to motions or objections, and an amended complaint filed as of right is neither. The district court thus dismissed the Steptoe defendants *sua sponte* and without considering the facts alleged against them in the operative complaint.

If Campos could conceivably state a claim against the Steptoe attorneys, we would remand. But § 1983 plaintiffs can sue private attorneys for constitutional violations only if they were "engaged in a conspiracy with state officials to deprive another of federal rights." *Tower v. Glover*, 467 U.S. 914, 920 (1984). And given Campos's failure to state any underlying constitutional claims, he hasn't alleged any conspiracy between the Steptoe defendants and county defendants. Accordingly, remand would be futile. *See Shockley v. Jones*, 823 F.2d 1068, 1073 (7th Cir. 1987) (explaining that the court

improperly dismissed the complaint *sua sponte* but finding that remand would be futile because his proposed amended complaint did not state a claim either); *Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990).

### III. CONCLUSION

The Cook County Sheriff referred Campos for termination in 2011, and the proceedings are still pending to this day. But the lengthy review process demonstrates Campos's success in attacking the Merit Board's decisions, not the inadequacy of the state remedies. The doctrine of substantive due process does not guarantee expeditious review; it merely protects fundamental rights from government deprivation by arbitrary and outrageous conduct. He doesn't allege any such conduct here. AFFIRMED.